UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARION GIPSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:20-CV-55 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be summarily dismissed.

On April 19, 2016, movant pled guilty to Interference with Commerce by Threat or Violence and Possession of a Firearm in Furtherance of a Crime of Violence. On July 26, 2016, the Court sentenced movant to 154 months' imprisonment. *United States v. Gipson,* No. 1:16-CR-6 SNLJ (E.D.Mo). Movant did not appeal.

On April 9, 2018, movant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *See Gipson v. United States,* 1:18-CV-80 SNLJ (E.D.Mo). The motion to vacate was dismissed as untimely on April 30, 2018. Movant did not appeal the dismissal of his motion to vacate.

Movant filed the instant motion on March 17, 2020. He alleges that he is actually innocent of the crime for which he was convicted. *See McQuiggin v. Perkins,* 133 S.Ct. 1924

(2013).[1] He also alleges that the Supreme Court cases of *United States v. Davis*[2], 139 S.Ct. 2319 (2019) and *Sessions v. Dimaya*[3], 138 S.Ct. 1204 (2018) apply to set aside his conviction.

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *E.g., In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Quezada v. Smith,* 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)).

As noted above, movant previously filed a federal motion to vacate on April 9, 2018. The action was dismissed as untimely on April 30, 2018. Movant has not petitioned the Eighth

---

[1] In *McQuiggin*, the Supreme Court held that a prisoner filing a **first-time** federal habeas petition could overcome the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) upon a showing of "actual innocence" under the *Schlup v. Delo*, 513 U.S. 298, 329 (1995), standard. *See McQuiggin,* 133 S.Ct. at 1928. Critically, the holding in *McQuiggin* was based on the Supreme Court's conclusion that Congress, through its silence on the issue, had not intended to eliminate the pre-existing equitable actual innocence exception for an untimely **first-time filer**. *See id.* at 1934. On the other hand, the Court expressly recognized that Congress, through § 2244(b), had intended to modify and constrain the actual innocence exception with respect to second or successive petitions. *See id.* at 1933-34. Nothing in *McQuiggin* authorizes a court to ignore or bypass these constraints.

[2] In *United States v. Davis*, 139 S.Ct. 2319 (2019), the Supreme Court rejected a § 924(c) conviction that was predicated on Hobbs Act Conspiracy[2]. Section 924(c) generally prohibits the possession, carrying or use of a firearm in relation to a crime of violence and carries a mandatory sentence. Prior to the change in the United States Sentencing Guidelines, the predicate "crimes of violence" for a Section 924(c) conviction were defined by the "elements" or "force" clause, 18 U.S.C. § 924(c)(3)(A). However, the U.S.S.G. are now defined by the now-unconstitutional residual clause, 18 U.S.C. § 924(c)(3)(B). To the extent movant believes *Davis* applies to his case, he will have to seek leave from the Eighth Circuit Court of Appeals to bring his successive motion to vacate in this Court.

[3] *Dimaya* provides that the residual clause in 18 U.S.C. § 16(b), and its similarly worded sister statute of 18 U.S.C. § 924(c), are unconstitutionally vague, as was also decided in *Johnson v. United States*, 135 S.Ct. 2551 (2015)." To the extent movant believes *Dimaya* applies to his case, movant will have to seek leave from the Eighth Circuit Court of Appeals to bring his successive motion to vacate in this Court.

2

Circuit Court of Appeals for the ability to file a second or successive motion to vacate in this Court. As a result, the instant motion is successive and subject to dismissal.

Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief. The Court will therefore summarily deny and dismiss this action and deny a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside and correct sentence [Doc. #1] is **DENIED AND DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of March, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE